(75 Misc. Rep. 226.)

### BARRETT v. RUSSELL.

(Supreme Court, Special Term, New York County. January, 1912.)

INJUNCTION (§ 33*)—ACTIONS—GROUND.

Where a resident of New Jersey sues in Pennsylvania to recover on a cause of action assigned to him for loss of goods shipped from New York to a Southern state, it cannot be enjoined at the suit of the defendant, though it is alleged that the purpose is to evade the limitation of plaintiff's liability, which limitation is valid in New York, but not enforceable in Pennsylvania.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 70, 71; Dec. Dig. § 33.*]

Action by William M. Barrett, as President of the Adams Express Company, against William T. Russell for an injunction. Denied.

Guthrie, Bangs & Van Sinderen, for plaintiff.
Tipple & Plitt, for defendant.

BIJUR, J. This is a motion for an injunction to prevent the defendant from instituting any actions in Pennsylvania against the plaintiff (as president of Adams Express Company) arising out of the loss of goods shipped to persons in Georgia and Alabama by shippers in New York. The causes of action, it is alleged, were assigned to defendant by the consignees at the request of the shippers, and the purpose of defendant in bringing or threatening to bring suit in Pennsylvania is alleged to be to evade the limitation of plaintiff's liability for loss to $50 on shipments where no value is stated, as provided on the receipt given by the express company. The courts of New

York recognize the limitation as valid, whereas those of Pennsylvania decline to enforce the limitation.

In substance, then, this is an attempt to enjoin the defendant from prosecuting foreign litigation, known as "harassing," because it is unconscionable, in that it is brought in another state to evade the substantive law of this state. I have had occasion recently to examine this question. See Miller v. Myers, 75 Misc. Rep. 297, 135 N. Y. Supp. 73. I know of no case where actions of this kind now sought to be restrained will be enjoined, except as between residents of the same state. It is not quite clear from the complaint and accompanying affidavits whether the original causes of action are held by the shippers in New York, or the consignees in the Southern states, or both; but in neither event is the bona fide character of the assignments to the defendants impeached, nor, indeed, are the shippers or consignees made parties to this action. We have then, at the best, a resident of New York (although it is not clear that the unincorporated Adams Express Company is to be so regarded) praying that an injunction issue against a resident of New Jersey (upon whom service of process in this state has been obtained) preventing him from bringing suit in Pennsylvania. Neither precedent (see, also, note to 10 Ann. Cas. 26) nor the rationale of the doctrine warrants my granting the relief prayed for.

Motion denied, with $10 costs.